1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *

9    JOEL WALKER HAY,                          Case No. 3:22-cv-00321-LRH-CSD

10                          Plaintiff,          ORDER

11          v.

12   JOEL KRUGER, individually and in his
     official capacity as a DOUGLAS COUNTY
13   DEPUTY SHERIFF; DANIEL COVERLEY,
     individually and in his official capacity as
14   DOUGLAS COUNTY SHERIFF;
     DOUGLAS COUNTY, a political subdivision
15   of the State of Nevada; and DOES 1-10,
     inclusive,
16
                            Defendants.
17

18          Defendants Douglas County (individually, the "County"), Douglas County Sheriff Daniel

19   Coverley (individually, the "Sheriff"), and Douglas County Deputy Sheriff Joel Kruger

20   (individually, the "Deputy") (collectively, "Defendants") move the Court to grant summary

21   judgment in their favor (ECF No. 22) as to Plaintiff Joel Walker Hay's ("Hay") complaint (ECF

22   No. 1). Hay opposed (ECF No. 29) and Defendants replied (ECF No. 33). Hay moves the Court to

23   grant partial summary judgment in his favor. ECF No. 20. Defendants opposed (ECF No. 28) and

24   Hay replied (ECF No. 32). Lastly, Hay requests that the Court issue an order permitting him to file

25   his motion for partial summary judgment under seal. ECF No. 19. For the reasons contained within

26   this Order, the Court denies Hay's motion for partial summary judgment (ECF No. 20), denies

27   Hay's motion to seal (ECF No. 19), and grants Defendants' motion for summary judgment (ECF

28   No. 22).

                                              1

## I.      BACKGROUND

There are no genuine issues of material facts between the parties as to the following information. On August 3, 2020, Hay's spouse used her cellphone to place an emergency 911 call handled by the Douglas County Sheriff's Office. ECF No. 22-1 at 2–8. At the time, she was a passenger in a vehicle being driven by Hay, approaching Minden, Nevada, from the north on Highway 395. *Id.* at 29. During the phone call, Hay's spouse reported that Hay was intoxicated and had smoked marijuana before he began driving the vehicle; she also reported that he would not stop. *Id.* at 5. Dispatch tracked the cellphone Hay's spouse used to place the call, and the Deputy discovered her in a vehicle parked in a business parking lot. *Id.* With respect to the incident itself, the Deputy and the other responding deputies were investigating both a verbal domestic dispute and a Driving Under the Influence ("DUI") incident based upon the eyewitness information provided by Hay's spouse. *Id.* at 12, 13. When the Deputy arrived on scene with the other responding deputies, Hay's spouse waived the Deputy down from inside the parked vehicle. *Id.* at 11, 12. She directed the Deputy to the interior of the business office and stated that Hay was inside. *Id.* at 12.

The Deputy entered the business office, and asked Hay to step outside through a rear door to the office. *Id.* at 13. During a deposition, Hay testified that he had been in the office for less than 15 minutes when the Deputy approached him. *Id.* at 28. At his deposition, the Deputy testified that, while interacting with Hay in the parking lot, he smelled the distinct odor of alcohol when Hay spoke. *Id.* at 6, 16. During this interaction, Hay admitted to having consumed three margaritas and having smoked marijuana prior to driving straight from lunch in Reno, Nevada, to Minden. *Id.* When the Deputy then asked Hay to perform standardized field sobriety tests, he refused. *Id.* at 22–24. After initially refusing, Hay eventually performed a Preliminary Breath Test ("PBT") after the Deputy explained to him that Nevada's implied consent statute, i.e., NRS § 484C.150, required Hay to submit to performing a PBT under the circumstances.[1] *Id.* at 23, 24.

---

[1] While the parties dispute whether the Deputy misinterpreted NRS § 484C.150, the Court need not make any such determination given the issues before the Court are governed by separate legal precedent, which is made clear throughout this Order.

Hay's PBT resulted in a blood alcohol content of 0.131. *Id.* at 33. Hay was subsequently arrested for DUI and transported to the Minden Jail to begin the booking process. *Id.* at 20, 21. When Hay was asked to submit to an evidentiary blood test following his arrest, he refused. *Id.* at 39. After the Deputy attained a warrant to obtain a blood sample from Hay, the results of the blood test showed that Hay's blood alcohol content was 0.139. *Id.* at 47–52. Hay was issued a citation for DUI and released on bail. *Id.* at 32, 54. The Douglas County District Attorney's Office subsequently charged Hay with DUI in violation of NRS § 484C.110(1) and Douglas County Code §10.04.030. *Id.* at 57, 58. On May 5, 2021, pursuant to a negotiated plea agreement, Hay pled no contest to a lesser charge of Reckless Driving in violation of NRS § 484B.653.3(a) and Douglas County Code §10.04.030. *Id.* at 60–63. A $900 fine was imposed, and Hay was ordered to attend a victim impact panel. *Id.* at 35, 36, 62, 63.

In July of 2022, Hay commenced this action against Defendants. ECF No. 1. In the complaint, Hay asserted the following eight causes of action: (1) unlawful seizure under 42 U.S.C. § 1983 ("§ 1983") against Defendants; (2) malicious prosecution under § 1983 against Defendants; (3) municipal liability, i.e., a "*Monell*" claim, based upon failure to train against the County and the Sheriff; (4) conspiracy against Defendants; (5) false arrest, abuse of process, and malicious prosecution under Nevada law against Defendants; (6) intentional infliction of emotional distress ("IIED") under Nevada law against Defendants; (7) "declaratory relief" against Defendants; and (8) "due process" against Defendants.[2] *Id.*

---

[2]    Under the eighth cause of action, Hay claims that Defendants violated his "rights to due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 8 of the" Nevada Constitution. ECF No. 1 at ¶ 79. Because Nevada's constitutional due process clause mirrors its federal equivalent under the United States Constitution, Nevada courts look to federal authority for guidance when interpreting Nevada's due process clause. *Reinkemeyer v. Safeco Ins. Co.*, 117 Nev. 44, 50 (Nev. 2001); *see also State v. Eighth Judicial Dist. Court*, 129 Nev. 492, 504 (Nev. 2013). Similarly, United States District Courts for the District of Nevada rely solely on federal case law governing the Fourteenth Amendment when addressing a plaintiff's claim alleging a deprivation of due process in violation of both the Fourteenth Amendment and Article 1, Section 8 of the Nevada Constitution. *See Lopez v. Homan*, No. 3:19-cv-00098-RCJ-WGC, 2019 WL 13248856, at *3–6 (D. Nev. July 8, 2019); *Williams v. Turner*, No. 2:09-cv-01979-KJD-GWF, 2012 WL 273146, at * (D. Nev. Jan. 30, 2012). Hay does not argue that the standards for stating a claim under the Fourteenth Amendment and Article 1, Section 8 of the Nevada Constitution are different as a matter of law. Additionally, Hay does not draw any factual distinction in terms of his eighth cause of action as it applies to the Fourteenth Amendment or Article 1, Section 8 of the Nevada Constitution. As such, the Court will only discuss the due process standard under

On August 11, 2023, Hay filed a motion for partial summary judgment and a motion to file it under seal. ECF Nos. 19 & 20. Hay argues that he is entitled to partial summary judgment in his favor as to the issue of Defendants' liability for the alleged unconstitutional use of a PBT without a warrant or consent. ECF No. 20. However, Hay's theory of liability fails as a matter of law because, as the Court explains in this Order, the PBT administered by the Deputy was permitted under the Fourth Amendment as a search incident to arrest. On August 14, 2023, Defendants filed a motion for summary judgment as to each of Hay's eight causes of action. ECF No. 22. In response, Hay opposed Defendants' motion for summary judgment with the exception of his conspiracy and abuse of process claims; Hay conceded that Defendants are entitled to summary judgment as to the fourth cause of action (conspiracy) as well as the abuse of process claim under the fifth cause of action. ECF No. 29 at 1, 25.

## II.    LEGAL STANDARD

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259

---

the Fourteenth Amendment and apply that standard to Hay's eighth cause of action. Finally, the Court treats Hay's eighth cause of action as a § 1983 claim. *See Sweaney v. Ada County,* 119 F.3d 1385, 1391 (9th Cir. 1997) (explaining that claims in a civil action alleging violations of the United States Constitution must be brought as causes of action under § 1983 (internal quotation marks and citation omitted)).

(6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–88 (1984)); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "The mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient" to establish a genuine dispute; "there must be evidence on which the jury could reasonably find for the [party]." *Id.* at 252.

## III. DISCUSSION

Since Hay's motion for partial summary judgment fails as a matter of law, and because Hay conceded that Defendants are entitled to summary judgment as to the fourth cause of action (conspiracy) as well as the abuse of process claim under the fifth cause of action, this Order primarily addresses Defendants' motion for summary judgment. For the reasons contained within this Order, the Court grants Defendants' motion for summary judgment as to Hay's entire complaint. But before addressing Defendants' motion for summary judgment, the Court denies Hay's motion to seal.

### A. Hay's Motion to Seal

As a preliminary matter, Hay moves the Court for an order permitting him to file his motion for partial summary judgment under seal. ECF No. 19. However, the Court denies Hay's motion to seal because he failed to make the requisite particularized showing of good cause. There is a strong presumption of access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). An exception to this presumption of access exists for certain materials attached to motions where the movant makes a particularized showing of good cause that

rebuts the public's right of access. *See Foltz v. State Farm Mut. Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003). A party must make a particularized showing of good cause for each document it seeks to file under seal. *Id.* at 1131. A party's mere reliance on a stipulated blanket protective order does not typically justify sealing court records. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 475–76 (9th Cir. 1992).

Here, Hay requests to seal his motion for partial summary judgment pursuant to a stipulated protective order entered by the parties. ECF No. 19 at 1 (citing ECF No. 12). In an attempt to demonstrate good cause, Hay merely explains that his motion for partial summary judgment contains copies of documents which the parties have labeled confidential, and Hay asserts that the agreement between the parties requires documents which the parties determined were confidential be filed under seal. ECF No. 19 at 2. However, the stipulated protective order upon which Hay relies provides that "[n]otwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court." ECF No. 12 at ¶ 6. In other words, the parties' agreement recognizes that the agreement itself does not establish the requisite good cause to file a document under seal. Therefore, without more, Hay failed to make the requisite particularized showing of good cause that rebuts the public's right of access, and the Court denies Hay's motion to seal.

## B.   *Heck v. Humphrey*

Turning to Defendants' motion for summary judgment, Defendants move for summary judgment as to Hay's § 1983 claims on the basis that those claims are barred by the United States Supreme Court's decision *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 22 at 17. But Defendants are mistaken. *Heck* does not bar Hay's § 1983 claims under the first, second, and eighth causes of action. In *Heck*, the Supreme Court held that § 1983 claims seeking "damages attributable to an unconstitutional conviction or sentence [do] not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489–90. This holding bars any § 1983 claim that would render a conviction or sentence invalid until it has been invalidated on appeal, by habeas petition, or through a similar proceeding. *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). When a § 1983 claim is barred by *Heck*, the court is required to dismiss the claim without prejudice,

allowing the plaintiff a chance to reassert the claim if they ever succeed in invalidating their conviction. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

But where a § 1983 claim would not necessarily imply the invalidity of the conviction or sentence the claim may proceed. *Heck*, 512 U.S. at 482–83. Whether the § 1983 claim would necessarily imply the invalidity of the conviction or sentence when the underlying conviction was obtained pursuant to a no contest or guilty plea depends on the allegations in the claim and the evidentiary basis of the relevant conviction. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639 (9th Cir. 2019) (holding that *Heck* did not bar the § 1983 claims because the conviction resulted from a guilty plea without the use of any evidence, meaning the success of the § 1983 claims would not necessarily demonstrate the invalidity of the conviction); *Ove v. Gwinn*, 264 F.3d 817, 823 (9th Cir. 2011) (holding that *Heck* did not bar the § 1983 claims because the convictions derived from pleas rather than verdicts obtained by relying on the challenged evidence); *Lockett v. Ericson*, 656 F.3d 892, 896–97 (9th Cir. 2011) (holding that *Heck* did not bar the § 1983 claim because the conviction arose from a no contest plea and did not depend on the legality of the challenged search). As a federal district court in Arizona explained, "[A] § 1983 action is *Heck* barred when successfully proving the plaintiff's § 1983 claims would fatally undermine the factual basis of an outstanding plea-based conviction, because under such circumstances the § 1983 action challenges the validity of the outstanding conviction." *Taylor v. County of Pima*, No. CV-15-00152-TUC-RM, 2017 WL 6550590, at * 8 (D. Ariz. Mar. 16, 2017).

Here, Hay's § 1983 claims are not barred by *Heck*. Hay's conviction of Reckless Driving in violation of NRS § 484B.653(a) resulted from a no contest plea. ECF No. 22-1 at 59–63. Hay's conviction did not depend on the legality of the PBT, which his § 1983 claims challenge. *See* ECF No. 1. If Hay were to demonstrate that the PBT constituted an unlawful search (the first cause of action), Defendants maliciously prosecuted him without probable cause (the second cause of action), and the Deputy violated Hay's right to due process by allegedly misinterpreting Nevada's implied consent statute (the eighth cause of action), Hay's conviction of Reckless Driving would remain valid. Thus, even if Hay's § 1983 claims were successful, the successful § 1983 claims

1  would not necessarily imply the invalidity of his conviction and sentence for Reckless Driving,
2  and *Heck* does not apply.

3  **C.   The County and Hay's § 1983 Claims**

4  The Court sua sponte addresses a preliminary issue with the manner in which Hay pled his
5  § 1983 claims against the County. Because the first, second, and eighth causes of action against
6  the County are frivolous, the Court concludes that the County is entitled to judgment as a matter
7  of law. The Court's sua sponte conclusion is appropriate for the following reasons: (1) the public
8  has an interest in Hay's first cause of action being resolved expeditiously as it relates to the liability
9  of a public entity; (2) allowing frivolous claims to proceed would be counter to the Court's
10  obligation to properly manage its docket and utilize judicial resources wisely; (3) allowing Hay's
11  frivolous claims to move forward would cause prejudice; and (4) although public policy favors
12  disposition of cases on their merits, Hay's § 1983 claims against the County fail as a matter of law.

13  Hay brings his first, second, and eighth causes of action against Defendants, including the
14  County, under § 1983 and alleges violations of rights guaranteed under the United States
15  Constitution. ECF No. 1. Itself, § 1983 is not a source of substantive rights. *Albright v. Oliver*, 510
16  U.S. 266, 271 (1994) (internal citation omitted). Rather, § 1983 "creates a cause of action for
17  violations of the federal Constitution and laws." *Sweaney v. Ada County,* 119 F.3d 1385, 1391 (9th
18  Cir. 1997) (internal quotation marks and citation omitted). Section 1983 claims brought against a
19  municipal entity are recognized by courts as "*Monell* claims." *See, e.g., City of Los Angeles v.*
20  *Heller*, 475 U.S. 796, 799 (1986) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

21  In *Monell*, the Supreme Court held that "a local government may not be sued under § 1983
22  for an injury inflicted solely by its employees or agents." 436 U.S. at 694. To impose *Monell*
23  liability on a municipality under § 1983, a plaintiff must establish that: (1) they were deprived of
24  a constitutional right; "(2) the municipality had a policy; (3) the policy amounts to deliberate
25  indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind
26  the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021)
27  (internal quotation marks and citation omitted). In order to ensure that the municipality is not held
28  liable solely for the actions of its employees, federal courts must apply rigorous standards of

culpability and causation. *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (internal quotation marks and citation omitted). Otherwise, municipal liability could collapse into respondeat superior liability, which would be contrary to the Supreme Court's holding in *Monell*. *See id.*

The first, second, and eighth causes of action against the County fail as a matter of law. Each of these causes of action are set forth as ordinary § 1983 claims based upon a theory of respondeat superior liability rather than *Monell* claims based upon a theory of municipal liability. But the claims, as set forth against the County, fail because the County may not be sued under § 1983 based upon a theory of respondeat superior liability. *See Monell*, 436 U.S. at 694; *Bd. of Comm'rs*, 520 U.S. at 415. While Hay brings a *Monell* claim against the County under the third cause of action based upon allegations of failure to train and supervise the Deputy, Hay does not even attempt to establish all of the elements of a *Monell* claim under the first, second, and eighth causes of action. Thus, the Court sua sponte concludes that the County is entitled to judgment as a matter of law, and because there are no genuine issues of material fact, the County is entitled to summary judgment as to the first, second, and eighth causes of action.

### D.    The Sheriff and Hay's § 1983 Claims

Defendants move for summary judgment as to Hay's § 1983 claims against the Sheriff. ECF No. 22 at 24. Defendants challenge Hay's § 1983 claims against the Sheriff, which Hay brings against him in both a personal and official capacity, under the first, second, and eighth causes of action. *Id.* The Court concludes that the Sheriff is entitled to judgment as a matter of law as to Hay's § 1983 claims because Hay failed to present any factual allegations related to the Sheriff which would be relevant to the alleged violations under the first, second, and eighth causes of action.

A plaintiff cannot hold a government official liable for a § 1983 claim solely based upon their supervisory position because there is no respondeat superior liability under § 1983. *Cloes v. City of Mesquite*, 582 Fed.Appx. 721, 723 (9th Cir. 2014) (internal citation omitted). Accordingly, when a plaintiff's claim against a supervisor is a § 1983 claim rather than a *Monell* claim, the supervisor is only liable for alleged constitutional violations committed by a subordinate when the supervisor was personally involved in the alleged violations. *Fayle v. Stapley*, 607 F.2d 858, 862

(9th Cir. 1979) (dismissing government official in supervisor role because of lack of involvement); *see also Jones v. Williams*, 297 F. 3d 930, 934 (9th Cir. 2002) (holding that officers cannot be liable for an allegedly unlawful search when there is no direct evidence of their individual participation).

The Sheriff, in both his personal and official capacity, is entitled to summary judgment as to the first, second, and eighth causes of action. In response to Defendants' motion for summary judgment, Hay argues that "Defendants have offered no plausible basis for granting them summary judgment on Hay's claim of municipal liability based on the policy of failure to train." ECF No. 29 at 24. But Hay's argument is misplaced. The aspect of Defendants' motion for summary judgment to which the Court now refers does not challenge the *Monell* claim Hay asserted under the third cause of action. ECF No. 22 at 24. Rather, Defendants challenge Hay's § 1983 claims against the Sheriff under the first, second, and eighth causes of action. *Id.*

Under the first cause of action, Hay claims that "Defendants, acting individually and together," violated his "right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment . . . ." ECF No. 1 at ¶¶ 40, 41. Under the second cause of action, Hay claims that "Defendants, acting individually and together," caused criminal charges to issue against [Hay] and assisted in the prosecution of said charges." *Id.* at ¶ 46. He further claims that "Defendants at all times knew the criminal charges against Plaintiff were without factual or legal merit and that no probable cause existed but chose to go forward with [Hay]'s prosecution for an improper, illegal, and retaliatory purpose." *Id.* at ¶ 46. Under the eighth cause of action, Hay claims that Defendants violated his "rights to due process of law guaranteed by the Fourteenth Amendment . . . ." *Id.* at ¶ 79.

Other than these conclusory allegations, the remainder of Hay's allegations against the Sheriff pertain to Hay's third cause of action—a *Monell* claim based upon allegations of failure to train and supervise. ECF No. 1 at ¶¶ 8, 52–54. At no point throughout the complaint does Hay provide any factual allegations related to the Sheriff which would be relevant to the alleged violations under the first, second, and eighth causes of action. Hay has presented no evidence to support the Sheriff's personal involvement in these causes of action. Therefore, the Sheriff is

entitled to judgment as a matter of law. Because there are no genuine issues of material fact, the Sheriff is entitled to summary judgment as to the first, second, and eighth causes of action.

**E.      The Deputy and Hay's § 1983 Claims**

Because Hay's § 1983 claims fail as a matter of law as to the County and the Sheriff, the sole remaining named defendant is the Deputy. ECF No. 1. The first, second, and eighth causes of action against the Deputy are brought against him in both a personal and official capacity. *Id.* Defendants move for summary judgment as to Hay's § 1983 claims against the Deputy based upon the doctrine of qualified immunity. ECF No. 22 at 15. The Court agrees. Based upon the doctrine of qualified immunity, the Deputy is entitled to judgment as a matter of law as to Hay's § 1983 claims under the first, second, and eighth causes of action.

The doctrine of qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks and citation omitted). A government official is entitled to qualified immunity from a claim for damages unless the plaintiff raises a genuine issue of material fact showing that (1) the defendant violated a federal constitutional or statutory right; and (2) the right was "clearly established at the time of [the] defendant's alleged misconduct." *Id.* Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Here, Hay brings three § 1983 claims against the Deputy. ECF No. 1. The Court addresses each claim in turn.

                1.     The Deputy is entitled to qualified immunity as to Hay's § 1983 claim under the first cause of action.

Under the first cause of action, Hay claims that the Deputy violated his "right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment . . . ." ECF No. 1 at ¶ 40. The Fourth Amendment prohibits unreasonable searches and seizures. U.S. CONST. amend. IV; *Katz v. United States*, 389 U.S. 347, 88 (1967). Warrantless searches and seizures "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and

well delineated exceptions." *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993) (internal quotation marks and citations omitted).

One such exception allows warrantless searches to be conducted incident to a formal arrest. *Rawlings v. Kentucky,* 448 U.S. 98, 111 (1980). Under the search incident to arrest exception, a search may precede a substantially contemporaneous formal arrest if the officer has probable cause to arrest at the time of the search regardless of its outcome. *Id.* (internal citations omitted). The Supreme Court has explicitly held that, while "the administration of a breath test is a search," "the Fourth Amendment permits warrantless breath tests incident to arrests for [DUI]." *Birchfield v. North Dakota*, 579 U.S. 438, 455, 474 (2016) (internal citations omitted).

Here, there is no genuine dispute between the parties that the Deputy administered the PBT in a temporal manner substantially contemporaneous with Hay's arrest. Accordingly, so long as the Deputy had probable cause to arrest Hay before the Deputy administered the PBT, the PBT was permitted under the Fourth Amendment as a search incident to arrest. Probable cause "is not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014). Whether probable cause exists is an objective standard. *See United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). Probable cause exists when, "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." *Id.*

Here, the Deputy arrested Hay for violating NRS § 484C.110(1), which provides:

1. It is unlawful for any person who:

(a) Is under the influence of intoxicating liquor;

(b) Has a concentration of alcohol of 0.08 or more in his or her blood or breath; or

(c) Is found by measurement within 2 hours after driving or being in actual physical control of a vehicle to have a concentration of alcohol of 0.08 or more in his or her blood or breath,

to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access.

///

///

12

After carefully reviewing the undisputed evidence, no reasonable trier of fact could find that the Deputy did not have probable cause to believe that Hay committed the offense of DUI in violation of NRS § 484C.110(1).

There are no genuine issues of material fact that the circumstances known to the arresting officers before the PBT were as follows. The Deputy had an eyewitness—Hay's spouse—who called 911 to report Hay for drinking alcohol and smoking marijuana before driving a vehicle; she also verified that he refused to stop. After dispatch tracked her cellphone to the business parking lot in Minden, Hay's spouse waived down the responding officers from inside the parked vehicle and reiterated her original report. The Deputy testified that he observed the smell of alcohol when Hay spoke to him. Finally, Hay admitted to the Deputy that he consumed three margaritas, smoked marijuana, and, thereafter, drove his vehicle from Reno to Minden.

At this point, under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that Hay had committed the offense of DUI in violation of NRS § 484C.110(1). Therefore, even when viewing the evidence in the light most favorable to Hay and drawing all reasonable inferences in his favor, the Deputy had probable cause to arrest Hay before the Deputy administered the PBT. Thus, the subsequent PBT was permitted under the Fourth Amendment as a search incident to arrest. Consequently, Hay failed to raise a genuine issue of material fact showing that the Deputy violated the Fourth Amendment prohibition against unreasonable searches and seizures, and the Deputy is entitled to qualified immunity as to Hay's first cause of action.[3]

2.   The Deputy is entitled to qualified immunity as to Hay's § 1983 claim under the second cause of action.

Under the second cause of action, Hay claims that the Deputy "knew the criminal charges against [Hay] were without factual or legal merit and that no probable cause existed but chose to go forward with [Hay's] prosecution for an improper, illegal, and retaliatory purpose." ECF No. 1

---

[3]   In regard to Hay's motion for partial summary judgment, it fails as a matter of law since he requests that the Court grant summary judgment in his favor as to Defendants' liability for the alleged unconstitutional use of a PBT without a warrant or consent, but Defendants are not liable because the PBT administered by the Deputy was permitted under the Fourth Amendment as a search incident to arrest. *See* ECF No. 20; *Birchfield*, 579 U.S. at 455, 474.

at ¶ 47. "In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (internal quotation marks and citation omitted). "[P]robable cause is an absolute defense to malicious prosecution." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009). A plaintiff can rebut a finding of probable cause "by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Awabdy*, 368 F.3d at 1067.

Here, the Deputy is entitled to qualified immunity as to Hay's second cause of action on several grounds. First, Hay's second cause of action does not specify a specific constitutional right the Deputy allegedly denied Hay, and since filing the complaint, Hay has failed to raise a genuine issue of material fact showing that the Deputy violated any federal constitutional right. Next, as the Court previously explained, the Deputy had probable cause to believe that Hay committed the offense of DUI in violation of NRS § 484C.110(1). Finally, beyond his conclusory allegations, Hay failed to produce any competent evidence that could create a genuine issue that the criminal prosecution against him was induced improperly. Hay cannot avoid summary judgment based upon his allegation that the Deputy misinterpreted Nevada's implied consent statute because, as the Court previously explained, the PBT was permitted under the Fourth Amendment as a search incident to arrest. Therefore, no reasonable trier of fact could find that the criminal prosecution against Hay was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith. Thus, Hay failed to raise a genuine issue of material fact showing that the Deputy prosecuted him without probable cause for the purpose of denying him a specific constitutional right, and the Deputy is entitled to qualified immunity as to Hay's second cause of action.

3.    The Deputy is entitled to qualified immunity as to Hay's § 1983 claim under the eighth cause of action.

Under the eighth cause of action, Hay claims that the Deputy violated Hay's "rights to due process of law guaranteed by the Fourteenth Amendment . . . ." ECF No. 1 at ¶ 79. Hay later

clarified that his eighth cause of action is based upon a theory that the Deputy denied his due process rights by misinterpreting Nevada's implied consent statute. The Court need not determine the accuracy of this theory because, even if the Deputy misinterpreted Nevada law, the Supreme Court has "long recognized that a mere error of state law is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (internal quotation marks and citations omitted).

Therefore, Hay failed to raise a genuine issue of material fact showing that the Deputy violated his due process rights under the Fourteenth Amendment, and the Deputy is entitled to qualified immunity as to Hay's eighth cause of action. And, once again, Hay's allegation that the Deputy administered the PBT based upon a misinterpretation of Nevada's implied consent statute is irrelevant because, as the Court previously explained, the PBT was permitted under the Fourth Amendment as a search incident to arrest. In conclusion, because there are no genuine issues of material fact, and the Deputy is entitled to judgment as a matter of law based upon the doctrine of qualified immunity, the Deputy is entitled to summary judgment as to Hay's first, second, and eighth causes of action.

### F.      Hay's Request for Declaratory Relief Under the Seventh Cause of Action

Defendants move for summary judgment in their favor on Hay's seventh cause of action seeking declaratory relief. ECF No. 22. The Court denies Hay's request for declaratory relief because it is redundant and unnecessary. A court should deny a litigant's request for declaratory relief where it is redundant or where it will serve no purpose in clarifying the dispute between the parties. *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc). Here, under his seventh cause of action, Hay "requests a declaratory judgment that [the] County has failed to adequately train and supervise [the] Deputy[.]" ECF 1 at ¶ 77. Yet, under Hay's third cause of action he brings a *Monell* claim, asserting that the County failed to train and supervise the Deputy. *Id.* at ¶ 53. The Court cannot reach a determination as to Hay's third cause of action without determining whether the County is liable for allegedly failing to adequately train and supervise the Deputy. Thus, Hay's seventh cause of action is redundant. In addition, Hay's seventh cause of action would serve no purpose in clarifying the dispute between the parties. Therefore, the Court denies Hay's request for declaratory relief and dismisses his seventh cause of action.

### G.    Hay's *Monell* Claim Under the Third Cause of Action

Defendants move for summary judgment as to Hay's *Monell* claim under the third cause of action. ECF No. 22 at 22–24. The Court concludes that the County and Sheriff are entitled to judgment as a matter of law as to Hay's *Monell* claim because he failed to establish that he was deprived of a constitutional right. Under the third cause of action, Hay asserts a *Monell* claim on the basis that the County and the Sheriff "knew or should have known, based on clearly established law, that their failure to train, supervise, control, and discipline [the] Deputy [] would result in arrests without probable cause and unlawful detention of innocent persons." ECF No. 1 at ¶ 54.

A *Monell* claim may be based upon a theory of failure to train or supervise. *See City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989). But, under this theory of liability, the plaintiff is still required to satisfy the four elements of a *Monell* claim to impose liability on a municipality. *Id.* So, if a plaintiff fails to establish that they were deprived of a constitutional right, the *Monell* claim fails as a matter of law. *See Gordon*, 6 F.4th at 973.

Here, Hay's *Monell* claim fails as a matter of law because he failed to establish that he was deprived of a constitutional right. Hay's *Monell* claim relies upon his allegations that the Deputy violated his "right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment," caused Hay to be prosecuted without probable cause, and violated his "rights to due process of law guaranteed by the Fourteenth Amendment . . . ." ECF No. 1 at ¶¶ 40, 47, 53 79. However, even when viewing the evidence in the light most favorable to Hay and drawing all reasonable inferences in his favor, Hay failed to establish any of these alleged violations of constitutional rights.

As the Court has explained, as a matter of law, the PBT was permitted under the Fourth Amendment as a search incident to arrest. *See Birchfield*, 579 U.S. at 455, 474. Additionally, Hay failed to raise a genuine issue of material fact showing that the Deputy prosecuted him without probable cause for the purpose of denying him a specific constitutional right or any other improper purpose. *Awabdy*, 368 F.3d at 1066. Finally, Hay failed to raise a genuine issue of material fact showing that the Deputy violated his due process rights under the Fourteenth Amendment because the Supreme Court has "long recognized that a mere error of state law is not a denial of due

16

process." *Swarthout*, 562 U.S. at 222. And even without this precedent, Hay's allegation that the Deputy administered the PBT based upon a misinterpretation of Nevada's implied consent statute is irrelevant because the PBT was authorized under the Fourth Amendment as a search incident to arrest. In sum, Hay failed to establish a necessary element of a *Monell* claim, i.e., that he was deprived of a constitutional right. *See Gordon*, 6 F.4th at 973. *Harris*, 489 U.S. at 388–89. And because there are no genuine issues of material fact, and the County and the Sheriff are entitled to judgment as a matter of law, the County and Sheriff are entitled to summary judgment as to Hay's third cause of action.

### H.   Hay's False Arrest and Malicious Prosecution Claims Under the Fifth Cause of Action

Defendants move for summary judgment as to Hay's fifth cause of action. ECF No. 22 at 24, 25. Under the fifth cause of action, Hay brings two claims based upon Nevada law: (1) a claim of false arrest and (2) a claim of malicious prosecution. ECF No. 1 at ¶¶ 68–71. The Court concludes that Defendants are entitled to judgment as a matter of law as to both claims under the fifth cause of action because the Deputy had probable cause to arrest Hay under Nevada law. Under Nevada law, the first element of a malicious prosecution claim is "(1) a lack of probable cause to commence the prior [criminal proceeding]." *Lester v. Buchanen*, 112 Nev. 1426, 1428–29 (Nev. 1996) (internal citation omitted). As to a false arrest claim, "a plaintiff must show the defendant instigated or effected an unlawful arrest." *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).

Consequently, if the Deputy had probable cause to arrest Hay under Nevada law, Hay's malicious prosecution and false arrest claims fail as a matter of law. Under Nevada law, "[p]robable cause to arrest exists when police have reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution to believe that [a crime] has been . . . committed by the person to be arrested." *State v. McKellips,* 118 Nev. 465, 472 (2002) (internal quotation marks and citation omitted). The arresting officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford,* 543 U.S. 146, 153 (2004).

///

Here, even when viewing the evidence in the light most favorable to Hay and drawing all reasonable inferences in his favor, the Deputy had probable cause to arrest Hay under Nevada law. Based upon the undisputed evidence, no reasonable trier of fact could find that the Deputy did not have reasonably trustworthy information of facts and circumstances that were sufficient in themselves to warrant a person of reasonable caution to believe that Hay committed the offense of DUI in violation of NRS § 484C.110(1). Therefore, the Deputy had probable cause to arrest Hay under Nevada law, and Hay's malicious prosecution and false arrest claims fail as a matter of law. Because there are no genuine issues of material fact, and Defendants are entitled judgment as a matter of law, Defendants are entitled to summary judgment as to Hay's fifth cause of action.

I.   **Hay's Intentional Infliction of Emotional Distress ("IIED") Claim Under the Sixth Cause of Action**

Finally, Defendants move for summary judgment as to Hay's only remaining claim: Hay's IIED claim under the sixth cause of action. ECF No. 22 at 26. The Court concludes that Defendants are entitled to judgment as a matter of law as to Hay's IIED claim because he failed to establish that Defendants performed extreme and outrageous conduct. Under Nevada law, an IIED claim requires a plaintiff to demonstrate, among other things, that the defendant performed "extreme and outrageous conduct." *Dillard Dep't Stores, Inc. v. Beckwith,* 989 P.2d 882, 886 (Nev. 1999) (en banc). The Nevada Supreme Court defines "extreme and outrageous conduct" as "that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized society." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4 (Nev. 1998).

Here, even when viewing the evidence in the light most favorable to Hay and drawing all reasonable inferences in his favor, no reasonable trier of fact could find that Defendants performed extreme and outrageous conduct. In an attempt to establish that Defendants performed extreme and outrageous conduct, Hay merely points to his arrest and claims that "[a] false arrest of an older person under these circumstances is extreme and outrageous . . . ." ECF No. 29 at 26. As the Court has explained, Hay's false arrest claim fails as a matter of law because the Deputy had probable cause to arrest Hay. Moreover, Hay failed to provide any evidence that any conduct attributable to Defendants was outside all possible bounds of decency and regarded as utterly intolerable in a

civilized society. Therefore, Defendants are entitled to judgment as a matter of law because Hay failed to establish a necessary element of a IIED claim. Because there are no genuine issues of material fact, and Defendants are entitled to judgment as a matter of law, Defendants are entitled to summary judgment as to Hay's sixth cause of action.

**IV.     CONCLUSION**

IT IS THEREFORE ORDERED that Hay's motion for partial summary judgment (ECF No. 20) and Hay's motion to file his motion for partial summary judgment under seal (ECF No. 19) are **DENIED**.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (ECF No. 22) as to Hay's complaint (ECF No. 1) is **GRANTED**.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment accordingly and close this case.

IT IS SO ORDERED.

DATED this 21st day of March, 2024.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE